McCAIN, Justice
(dissenting).
In this review by certiorari of a certified question from the Third District Court of Appeal, I must respectfully dissent from the majority herein for the following reasons.
Initially, it is noted that the question certified (thereby giving us jurisdiction) is not that as framed by the majority (which apparently was extracted directly from defendant’s petition). Looking to the record proper and to the certificate itself, the certified question should read:
“Whether the action of a County Commissioner, whose duties include investigation of the conduct, records and transactions of any department or office of the county, of soliciting or accepting a substantial sum of money from a prospective purchaser of certain land, to advise the investor as to whether the Public Works Department of the County was going to provide an access road to such land, constitutes an offense under the laws of Florida, and in particular whether such constitutes a violation of the provisions of § 838.06, F.A.”
At first blush, one could think the phrasing of the question as herein distinguished, is meaningless, however, I believe it to be meritorious. The majority phrases the question in terms of a “practicing lawyer”, whereas in reality the provisions of Fla. Stat. § 838.06, F.S.A., are applicable to “any person” serving in the capacity of a “county commissioner”.
Admittedly, a practicing lawyer who also wears the mantle of an elected public servant must be most circumspect in agreeing to render his professional services and opinions for a fee. Nevertheless, in this cause the defendant “lawyer” sought the “office”, and not vice versa. Therefore, the conclusions surrounding the violation of this statute should be equally applicable to lawyers and non-lawyers alike who seek and are endowed by public confidence with a public office.
Fla.Stat. § 838.06, F.S.A., in material part, reads as follows:
“It is unlawful for any public officer . to accept any . . . compensation, or other remuneration from any person whatsoever for the past, present or future performance, nonperformance or violation of any act, rule or regulation that may be . incumbent upon such public officer . to administer, respect, perform, execute or have executed ...”
One of defendant’s official duties as county commissioner was to administer the county road system in Dade County, Florida. This included the acquisition of the roadways. The defendant, allegedly, received compensation for advising his client not to purchase property which did not have access to such a county road. Roadway access was a problem from the beginning to the client, and when the defendant learned the property-in question was situate in the county (and without an access road) he could have withdrawn his representation and returned the fee. Instead, he chose to render his opinion and keep the fee. Consequently, acquisition of such roadways being a commissioner’s function, the defendant subjected himself to removal from a commissioner’s voting panel be *198 cause of a “conflict of interest”, had acquisition of a roadway to the subject property become relevant (a factual situation not concluded by this record). Thus, defendant’s receipt of a fee rendered him incapable of official action on a public duty properly chargeable to him by the people. Surely, this is one of the purposes underlying Fla.Stat. § 838.06, F.S.A., in prohibiting receipt of unauthorized compensation, as distinguished from pure bribery.
Sub judice, the Third District Court of Appeal determined the defendant was charged with a violation of Fla.Stat. § 838.-06, F.S.A., which makes it unlawful for a public officer to accept compensation for performance or non-performance of any act that may be incumbent upon him to administer. I agree. This statute’s parlance is not to be construed as limited to the typical “influencing” surrounding the offense of bribery, but rather is directed to the receipt of unauthorized compensation for an act which he may have to perform.
Insofar as reasonably conceivable of the defendant’s public duties as bestowed by the general electorate, the subject matter of this alleged offense was within defendant’s power to be both informed on and, if necessary, to act upon.
I can naturally sympathize with one whose name may be transcribed to the future with dubious infamy, however, each crisis is cast in its own mold and the product must be viewed accordingly. Here, we are not concerned with the ultimate guilt or innocence of the defendant, but only with whether this record supports a prima facie allegation and violation of Fla.Stat. § 838.06, F.S.A. I believe it does and I can only conclude that the state has fulfilled its duty to the public.
Ultimate guilt or innocence therefore should be left for determination to the fairest arbiter of all, the jury. Otherwise, the error to society dispensed by the majority will have to be corrected by the experience of consequences.
I would therefore affirm the opinion of the District Court of Appeal and remand this cause for trial.